IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALFRED ELLIOT | § | |
| VS. | § | CIVIL ACTION NO.  1:06-CV-405 |
| FRANCISCO J. QUINTANA | § | |

MEMORANDUM OPINION

Petitioner Alfred Elliot, a federal prisoner, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Factual Background

Petitioner was convicted in the United States District Court for the Northern District of Illinois, in cause number 88-CR-645, of wire fraud, securities fraud, racketeering, and filing false income tax returns.  On August 31, 1989, petitioner was sentenced to five years of imprisonment. Petitioner was ordered to surrender on September 29, 1989 for service of his sentence, but he failed to appear.

Petitioner was apprehended by the authorities in 2004.  In cause number 04-CR-1097, the Northern District of Illinois sentenced petitioner to a non-parolable twenty-one month term of imprisonment for failure to appear.  The sentence was ordered to run consecutively to the previously-imposed five-year sentence.

Petitioner was eligible for parole on his five-year sentence because his crimes took place before the effective date of the Sentencing Reform Act of 1984 which eliminated parole in the federal system.  *See Lightsey v. Kastner*, 846 F.2d 329, 330-31 (5th Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989).  Petitioner applied for parole on August 11, 2004, but it appears that no action was

taken on that application.  Petitioner filed a second application for parole on January 4, 2005.  Petitioner waived his right to sixty days of notice before the hearing, and the hearing was set for February 14, 2005.  Petitioner also waived his right to a representative at the hearing, but requested to review his institutional file and documents in the possession of the Parole Commission.

For unexplained reasons, the initial parole hearing did not take place until November 28, 2005.  After the initial hearing, the hearing examiner found that, under the parole guidelines, petitioner's salient factor score was 10, indicating a very good parole prognosis, and his offense severity rating was Category Five because the offense involved insider trading of more than $200,000, but less than $1,000,000.[1]  These scores produced a base guideline range of 24-36 months.  Because petitioner failed to report or self-surrender, an additional period of 6-12 months was added to petitioner's base guideline range, for a total guideline range of 30-48 months.  The hearing examiner recommended that petitioner be paroled after 24 months to serve the 18 months that the hearing officer calculated petitioner would serve of the 21-month non-parolable sentence.  As justification for this recommendation, the hearing officer found that, although petitioner was attorney at the time of his offense, he did not believe that what he was doing was wrong.

The Parole Commission adopted the recommendation of the hearing examiner.  The Commission concluded that petitioner should serve a total of 42 months on both sentences.  As a result, the Commission ordered that petitioner be paroled on March 10, 2006, after serving 24 months, to begin serving his 21-month sentence.

---

[1] The severity category is a score assigned to the severity of the offense behavior.  28 C.F.R. § 2.20.  The salient factor score is an aid to determine the parole prognosis of an inmate.  *Id.*

On February 24, 2006, an Assistant United States Attorney (AUSA) requested that the Parole Commission reopen the case to consider additional information. A different hearing examiner reviewed the new information. The hearing examiner found that three of the grounds asserted by the AUSA did not warrant reopening the case. With respect to the remaining ground, the hearing examiner found:

> [T]he perjury and false statements committed by subject while in absconder status are considered to be aggravating factors about which the Commission was unaware when it rendered its decision in this case. As a result, I recommend that the Commission reopen this case under 28 CFR § 2.28(f) for a special reconsideration hearing. The purpose of the hearing will be to determine if the Commission should modify its previous decision of parole after service of 24 months to the detainer based on the adverse information. Subject is incarcerated at FCC Beaumont; the docket is scheduled for March 9 and 10, 2006. The AUSA sent subject a copy of his letter, so disclosure of the new adverse information has been made.

The recommendation was approved. On March 7, 2006, petitioner was notified that the case was reopened and would be scheduled for a reconsideration hearing to consider new adverse information consisting of the AUSA's letter.

The reconsideration hearing was held on March 10, 2006. At the conclusion of the hearing, the hearing examiner recommended that plaintiff's parole date remain unchanged. The Executive Reviewer disagreed with the hearing examiner's recommendation. The Reviewer explained her reasoning as follows:

> The subject spoke at the hearing regarding a lawsuit he brought against a surgeon; he also indicated that he later withdrew the suit. However, . . . subject committed numerous instances of perjury; he filed more than one lawsuit. He lied about his name and address and date of birth. He also failed to disclose any other name he had ever used. He filed false statements not under oath when he provided a false birth date on his application for an Arizona driver's license and also provided a false name and social security number to the hospital where he was being treated.

3

> Whether or not the subject withdrew a lawsuit because of the questions regarding his background, nonetheless he did complete the interrogatories with false information and signed that the information was correct. I believe his continued fraudulent behavior while in failure to appear status for a fraud conviction to be sufficiently aggravating to warrant a decision after service of 30 months on guidelines of 30-48 months, to the consecutive 21 month SRA sentence. He will serve approximately 18 months on that sentence, for a total of 48 months, a top of the guidelines decision.

The Parole Commission determined that petitioner would be paroled to his consecutive sentence on September 10, 2006, after serving 30 months of the five year sentence. This determination would result in petitioner serving a total of 48 months.

Petitioner appealed the Commission's finding to the National Appeal's Board, which affirmed the Commission's decision. The Board explained it's reasoning as follows:

> You claim on appeal that the 9/10/06 parole effective date of the previous decision is incorrect because you will have served more than 48 months when you complete your consecutive sentence. The National Appeals Board finds no merit in your claim. With your good time credits, you will serve 48 months total. Your five year sentence began on March 11, 2004. Your consecutive 21-month sentence will begin on 9/10/06. Your projected release date is 3/19/08, so you will have served 48 months, nine days. The Board recommends you discuss your sentence computation with your case manager.
>
> You claim that you were not given an opportunity to respond in writing to the adverse information and that you were not given sufficient notice in advance of the reconsideration hearing. At the hearing, you told the examiner that you had received in advance of the hearing the letter containing the adverse information. The record does not indicate that you requested a continuance. The hearing summary indicates that you provided the examiner with your response to the allegations that were the basis for the reconsideration hearing. You have submitted on appeal your written explanation as well. The Board does not find that your assertions in your supplement warrant a more lenient decision.
>
> You claim on appeal that there was no basis for reopening your case pursuant to 28 CFR 2.28(f). The National Appeals Board finds no merit in your claim. The Commission was not aware of the information in the letter describing specific misrepresentations, such as those you made during the discovery process in connection with your lawsuits. The letter was not in the Commission's file at the

time of the original decision. This information "taken together with all the other case information," supports changing the previous decision. See 28 C.F.R. 2.28-01. The Board finds no merit in your claim that the Commission "ignored" the examiner's recommendation and that you are entitled to a reason for a decision that is with the guideline range. The Commission considers, but is not bound by the recommendation of the examiner. You received an explanation of your offense severity rating and salient factor score as required under 28 C.F.R. 2.13(d).

You have also claimed that the Bureau of Prisons has denied you acceptable medical treatment and your right to practice your religion. The Commission has no jurisdiction to address these claims and recommends that you follow the Bureau of Prisons administrative process to pursue your claims. The Board finds that your medical issues do not warrant a more lenient decision.

## The Petition

Petitioner contends that the Commission improperly reopened his case. The Commission's decision was based on new adverse information, but petitioner contends the information was available prior to his first parole hearing. Petitioner also contends that he was given inadequate notice of the reconsideration hearing.

## Analysis

The Parole Commission has broad discretion in making parole decisions. *Shahid v. Crawford*, 599 F.2d 666, 669 (5th Cir. 1979). The decision itself is subject to review by a federal court only where the decision is so arbitrary and capricious as to be beyond the Commission's discretion. *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir.), *cert. denied*, 429 U.S. 917 (1976). Because prisoners have no right to release on parole, the Commission could order a prisoner to serve his full sentence without violating his constitutional rights. *Brown*, 528 F.2d at 1054.

On the other hand, the process by which the Commission reaches that decision is subject to review. *Id.* The Commission is required to follow its own regulations unless it can show good cause

for deviating from them. *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987).

The Parole Commission may reopen a case upon receipt of new and significant adverse information. 28 C.F.R. § 2.28(f). Petitioner argues that his case should not have been reopened based on his allegedly fraudulent behavior while he was a fugitive because that information was readily available and had been raised in his subsequent criminal proceedings. However, for purposes of Section 2.28(f), "new" does not mean that the information was previously unknown or unavailable. *Frassetto v. Perrill*, 955 F.2d 176, 178 (2d Cir. 1992). It simply means information that was not before the Commission for consideration during the parole hearing. *Id*. Therefore, petitioner's allegedly fraudulent behavior, which was not considered during the original parole hearing, constitutes new and significant adverse information.

Petitioner contends that he was not given sixty days of notice before the reconsideration hearing and he did not have the new information at least thirty days before the hearing. Unless the prisoner waives his right to notice, the Commission must notify the prisoner sixty days before holding an initial or interim parole hearing. 28 C.F.R. § 2.11. Section 2.28(f) states that a reconsideration hearing shall be held in accordance with procedures set forth in Sections 2.12 and 2.13. Neither of these Sections contain notice provisions. The relevant regulations do not require that sixty days notice be given before a reconsideration hearing, or that the new information be disclosed thirty days before the hearing.

Petitioner alleges that he did not receive an explanation for the later parole date, as required by 28 C.F.R. § 2.13(d). Section 2.13 requires that the reasons for establishment of a parole date include an explanation of the severity rating and salient factor score, which petitioner was given after

6

his initial parole hearing.  Section 2.13 also requires an explanation of the factors and information used to establish a parole date outside the range indicated by the guidelines.  In this case, petitioner's release date is within the parole guideline range, so the additional explanation was not required.

## Conclusion

This petition for writ of habeas corpus should be denied.  A Final Judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **25** day of **September, 2007.**

_____
Thad Heartfield
United States District Judge